UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
WARREN DELUCA,

        Plaintiff,

        against-                            CV-03-5142-DLI-JO

ALLIED DOMECQ QUICK SERVICE
RESTAURANTS,

        Defendant.

--------------------------------------------------------x


# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE STATEMENT THAT MR. LAUDERMILK ALLEGEDLY MADE AT MEDIATION


Robert L. Duston (RD 9822)
Peter V. Taylor (PT 0810)
Amanda K. Grace (AG 7835)
SCHMELTZER, APTAKER & SHEPARD, PC
2600 Virginia Avenue, N.W., Suite 1000
Washington, D.C. 20037
Tel (202) 333-8800
Fax (202) 625-3311

Attorneys for Defendant ADQSR

Dated: May 25, 2005

**TABLE OF CONTENTS**

TABLE OF AUTHORITY ....................................................................................................ii-iii

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT..........................................................................................................................5

    I.   Statements Made During Federal Agency Mediations, Including the EEOC
        Mediation between the Parties, are Inadmissible as Evidence ...........................................5

    II. Mr. Laudermilk's Alleged Statement Is Inadmissible Under Rule 408
        of the Federal Rules of Evidence ......................................................................................10

    III. Mr. Laudermilk's Alleged Statement is Irrelevant and Inadmissible Under
        Rule 402 of the Federal Rules of Evidence ......................................................................10

    IV. Mr. Laudermilk's Alleged Statement Should be Excluded Pursuant
        to Rule 403 of the Federal Rules of Evidence Because any Probative Value is
        Substantially Outweighed by the Risk of Undue Prejudice...............................................11

CONCLUSION........................................................................................................................12

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Accord, Fields-D'Arpino v. Restaurant Assocs., Inc.*,
39 F. Supp. 2d 412 (S.D.N.Y. 1999)........................................................................................6

*Bernard v. Galen Group, Inc.*, 901 F. Supp. 778 (S.D.N.Y. 1995) ....................................6

*Campbell v. Alliance Nat'l Inc.*, 107 F. Supp. 2d 234 (S.D.N.Y., 2000) ........................11

*Chester Cnty. Hosp. v. Independence Blue Cross*, No. 02-2746,
2003 U.S. Dist. LEXIS 25214 (E.D. Pa., November 7, 2003)..............................................8

*Corcoran v. GAB Business Services, Inc.*, 723 F. Supp. 966 (S.D.N.Y. 1989) ..............11

*Folb v. Motion Picture Industry Pension & Health Plans*,
16 F. Supp. 2d 1164 (C.D. 1998)..........................................................................................8

*Hasbrouck v. Bankamerica Housing Services*, 187 F.R.D. 453 (N.D.N.Y., 1999) .........9

*In the Matter of RDM Sports Group, Inc.*, 277 B.R. 415 (Bkr.Ct. N.D. Ga. 2002).........8

*Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923 (1996) ....................................................8

*Lake Utopia Paper Ltd. v. Connelly Containers, Inc.*, 608 F.2d 928 (2d Cir.,
1979), *cert. denied*, 444 U.S. 1076, 62 L.Ed.2d 758, 100 S.Ct. 1093 (1980).................6

*Mantione v. Ted Bates Advertising/New York*, No. 84 CIV 2000,
1985 U.S. Dist. LEXIS 16126 (S.D.N.Y. September 10, 1985).........................................11

*McLee v. Chrysler Corp.*, 109 F.3d 130 (2d Cir. 1997).................................................11

*O'Sullivan v. N.Y. Times*, 37 F. Supp. 2d 307 (S.D.N.Y. 1999) ....................................11

*Penny v. Winthroop-University Hosp.*, 883 F. Supp. 839 (E.D.N.Y. 1995) .............10, 12

*SEC v. Thrasher*, No. 92 Civ. 6987, 1995 U.S. Dist. LEXIS 13431
(S.D.N.Y. September 15, 1995)..............................................................................................9

*Sheldone v. Pennsylvania Turnpike Comm'n*, 104 F. Supp. 2d 511
(W.D. Pa. 2000) ....................................................................................................................8

*Trammel v. United States*, 445 U.S. 40, 100 S. Ct. 906 (1980) ........................................8

*United States v. Gullo*, 672 F. Supp. 99 (W.D.N.Y. 1987)..............................................6

# FEDERAL STATUTES

5 U.S.C. §§ 571, *et. seq.*................................................................................................................7

5 U.S.C. § 574 ................................................................................................................1, 7, 8, 9

28 U.S.C. § 652(d) ........................................................................................................................7

Fed. R. Evid. 402 ....................................................................................................................1, 10

Fed. R. Evid. 403 ....................................................................................................................1, 11

Fed. R. Evid. 408 ...............................................................................................................1, 8, 9, 10

Fed. R. Evid. 501 ..................................................................................................................1, 6, 8

**INTRODUCTION**

Defendant ("Dunkin'") hereby moves in limine to exclude all evidence relating to a statement that Jack Laudermilk, Associate General Counsel for Dunkin' Donuts Incorporated, allegedly made at an U.S. Equal Employment Opportunity Commission ("EEOC") mediation, including subsequent evidence and deposition testimony concerning the same statement or arising out of that statement.  The original statement was made at a mediation before the U.S. EEOC in an attempt to settle Plaintiff's Charge of discrimination.  Under federal law, 5 U.S.C. § 574, it is unlawful to disclose such statements.  Such statements are also inadmissible as evidence under that law; under the  parties' written agreements; under the federal mediation privilege recognized under Fed. R. Evid. 501; and under the privilege for settlement discussions in Fed. R. Evid. 408.  All examination of Mr. Laudermilk concerning or arising from that statement, as well as examination of any other witness concerning the statement, must be excluded from this case. Assuming, arguendo that the evidence was not excluded under the forgoing privileges and agreements, it would still be inadmissible under Fed. R. Evid. 402, or should be excluded under Fed. R. Evid. 403.  The evidence is irrelevant because it involves a comment made in a confidential mediation by a non-decisionmaker and is inadmissible under Rule 402 of the Federal Rules of Evidence.  Even if the evidence were relevant, it should be excluded under Rule 403 of the Federal Rules of Evidence because the risk of undue prejudice outweighs the probative value of the evidence.  Dunkin' is filing this motion in limine with Magistrate Judge Orenstein pursuant to an Order entered by Judge Irizarry on May 5, 2005.  The Court intended that a determination be made by Magistrate Judge Orenstein with respect to the relevance and admissibility of this "evidence" prior to the Court's review of Dunkin's Motion for

1

Summary Judgment.  Dunkin' will serve its Motion for Summary Judgment on Plaintiff on June

10, 2005, and all briefs will be submitted to the Court on July 25, 2005.

## BACKGROUND

Plaintiff formerly worked for Dunkin' Donuts Incorporated, an international franchisor

that grants rights and licenses to operate independent Dunkin' Donuts franchises.  Dunkin'

terminated Plaintiff in June, 2002 for violating various company policies concerning conflicts of

interest.  Plaintiff filed a charge with the EEOC on November 7, 2002, alleging, among other

things, that Dunkin' terminated him because he was forty-five years old, in violation of the

ADEA and NYSHRL.  (*See* Declaration of Amanda K. Grace at ¶ 2, "Grace Decl.," attached

hereto as Exhibit 1.)  A few months after Plaintiff filed his EEOC charge, Plaintiff informally

requested that Dunkin' give him the opportunity to become a franchisee.  (Warren DeLuca

Deposition on September 29, 2004 Transcript ("Deluca Dep.") at 173, attached hereto as Exhibit

1(D).)  Dunkin's General Counsel, Stephen Horn, rejected Plaintiff's request shortly thereafter.

(Stephen Horn Deposition February 24, 2005 Transcript ("Horn Dep.") at 15, attached hereto as

Exhibit 1(F).)

On March 24, 2003, after Dunkin' rejected Plaintiff's request for a franchise, the parties

attended an EEOC mediation.  The parties signed a standard EEOC agreement that the mediation

proceedings were confidential.  (*See* Grace Decl. at ¶¶ 2,3.)  The mediation was unsuccessful.

Plaintiff's Complaint, filed October 9, 2003, alleges that he was subjected to age discrimination,

including his termination.  The Complaint also alleges that Dunkin' retaliated against him

because he filed an EEOC charge when it rejected his request for a franchise.[1]  (Compl. ¶ 16.)

This is the primary basis for Plaintiff's retaliation claim in Counts III and IV of the Complaint.[2]

When questioned at his deposition regarding the basis for his claim of retaliation,

Plaintiff admitted that he did not know who made the decision to reject his request for a

franchise.  (Deluca Dep. at 194.)  Plaintiff's deposition testimony makes it clear that, other than

proximity in time between the Charge and the decision, the only evidence supporting his claim of

retaliation is a statement that Jack Laudermilk, Associate General Counsel at Dunkin' Donuts

Incorporated, allegedly made at the confidential mediation.  While Plaintiff does not "remember

exactly" what Mr. Laudermilk said, Plaintiff said it was something along the lines of "we're not

in the process of giving out franchises to people that are suing us or made complaints." (*Id*. at

177.)  Plaintiff reiterated that he "forgot the exact words" used by Mr. Laudermilk.  (*Id*. at 177.)

At Mr. Laudermilk's deposition, Plaintiff's counsel, Saul Zabell, questioned Mr.

Laudermilk about this alleged statement.  Dunkin's counsel objected on the grounds that the

statement was confidential and inadmissible.  The parties agreed that the questions could be

asked and answered without waiving Dunkin's objections that the mediation statements were

privileged and inadmissible.  (Jack Laudermilk Deposition December 1, 2004 Transcript

("Laudermilk Dep.") at 54-55, attached hereto as Exhibit 1(E).)  Mr. Laudermilk testified that at

the mediation he said that Dunkin' "would not accept an application for a franchise from

somebody who sued Dunkin'." (*Id*. at 18).  Mr. Laudermilk also said that his statement was not

---

[1] Defendant takes the position that the denial of a franchise (i.e. the refusal to enter into a twenty year contractual business relationship) cannot constitute an adverse employment action under a claim for retaliation and will be make this argument in its Motion for Summary Judgment.

[2] Plaintiff also alleged that Dunkin' retaliated against him for complaining of discrimination prior to his termination.  Subsequently, at his deposition, Plaintiff admitted that he never complained of discrimination prior to this termination.  Dunkin' believes the sole retaliation claim left in the case is the post-employment denial of a franchise.

intended to be full explanation of his views.  Mr. Laudermilk testified that Dunkin' would accept

an application for a franchise from someone who had filed an EEOC charge, unless there was

another non-discriminatory reason not to do so, e.g. if that individual, like Plaintiff, had been

terminated for cause.  (*Id*. at 18-19.)  Mr. Laudermilk also testified that it was Mr. Horn, not Mr.

Laudermilk, who made the decision to turn down Plaintiff's informal request for a Dunkin'

franchise.  (*Id*. at 14.)

Mr. Horn confirmed that he made the decision to reject Plaintiff's request.  (Horn Dep. at

15.)  Mr. Horn did not consider Plaintiff's charge of discrimination and does not recall whether

he was even aware of the charge at the time.  (*Id*. at 59-60.)  Mr. Horn testified that he rejected

Plaintiff's request for a franchise based on the conflict of interest that led to Plaintiff's

termination.  (*Id*. at 15-17.)  When Plaintiff's counsel asked Mr. Horn about the statement that

Mr. Laudermilk made at mediation, Mr. Horn explained that there is no Dunkin' policy

regarding entering into franchise relationships with someone pursuing legal action against the

company.  He attributed Mr. Laudermilk's statement to the context of the mediation, where

Plaintiff was pursuing his desire to become a franchisee as a condition of settling what the

Company considered to be a frivolous age discrimination charge.  (*Id*. at 65-66.)  Mr. Horn also

reiterated that Mr. Laudermilk had no role whatsoever in the decision to terminate Plaintiff or in

the investigation that led to Plaintiff's termination.  Mr. Horn did not consult with Mr.

Laudermilk or seek his input before making his decision.  Rather, Mr. Horn made the decision

himself within "seconds" based on Plaintiff's violation of the Company's conflict of interest

policies.  (*Id*. at 15-16, 73.)

Dunkin' is preparing to file its Motion for Summary Judgment.  Because Plaintiff's only

evidence in support of his claim for retaliation is the mediation statement of Mr. Laudermilk and

Mr. Laudermilk's subsequent deposition testimony, Dunkin', at the May 4, 2005, Pre-Motion

Conference, suggested that it might be efficient if this critical evidentiary issue was resolved

before the Summary Judgment briefs were filed.  The Court directed Defendant to brief this issue

to the Magistrate Judge.

**ARGUMENT**

Dunkin' seeks an Order precluding Plaintiff from (1) introducing on Summary Judgment

or at trial the statements made by Mr. Laudermilk at the mediation, or any of Mr. Laudermilk's

testimony related to that statement, or arising from that statement, and (2) precluding Plaintiff

from using that statement or the related testimony for any purpose, including cross-examination

of witnesses or for impeachment.

**I.      Statements Made During Federal Agency Mediations, Including the EEOC Mediation between the Parties, are Inadmissible as Evidence.**

The EEOC recognizes that for mediation to be fair and effective, the proceedings  must

be confidential.  *See* Equal Employment Opportunity Commission's Alternative Dispute

Resolution Policy Statement, No. 915.002 (maintaining the confidentiality of mediation enables

parties "to be forthcoming and candid, without fear that frank statements may later be used

against them") (attached hereto as Exhibit 1(H)).  While participation in EEOC mediation is

voluntary, those choosing to attempt to resolve a Charge through mediation are required to agree

to certain ground rules, including the confidentiality of the proceedings.  Prior to participating in

the EEOC mediation, Plaintiff and Dunkin' executed two documents recognizing the

confidentiality of the mediation.  In the Agreement to Mediate, the parties recognized that

mediation is a confidential process and agreed to abide by the terms of a Confidentiality

Statement.  (Grace Decl. at ¶ 1(B).)  In the Confidentiality Statement, the parties agreed that all

matters discussed during the mediation were confidential, unless otherwise discoverable, and

5

could not be used as evidence in any subsequent administrative or judicial proceeding.  (Grace

Decl. at 1(C).)  The enforcement of the agreements requires the exclusion of evidence relating to

confidential statements made at mediation.

Courts have long recognized and enforced the need to maintain expectations of

confidentiality, especially in connection with settlement discussions, mediation and other forms

of alternative dispute resolution.  In *Lake Utopia Paper Ltd. v. Connelly Containers, Inc*., 608

F.2d 928 (2d Cir., 1979), *cert. denied*, 444 U.S. 1076, 62 L.Ed.2d 758, 100 S.Ct. 1093 (1980),

the Second Circuit Court of Appeals condemned a party's use of a comment made at a pre-

argument conference because pre-argument conferences were to be confidential.  The Court

stated:

> If participants cannot rely on the confidential treatment of
> everything that transpires during these sessions then counsel of
> necessity will feel constrained to conduct themselves in a cautious,
> tight-lipped, non-committal manner more suitable to poker players
> in a high-stakes game than to adversaries attempting to arrive at a
> just resolution of a civil dispute.  This atmosphere if allowed to
> exist would surely destroy the effectiveness of a program which
> has led to settlements. . . , thereby expediting cases at a time when
> the judicial resources of this Court are sorely taxed.  *Id.* at 930.

*Accord, Fields-D'Arpino v. Restaurant Assocs., Inc.,* 39 F. Supp. 2d 412, 417-418 (S.D.N.Y.

1999)  ("courts have implicitly recognized that maintaining expectations of confidentiality is

critical"); *Bernard v. Galen Group, Inc.,* 901 F. Supp. 778, 782-84 (S.D.N.Y. 1995) (sanctioning

attorney for intentionally disclosing to the court settlement offers made in mediation

proceeding); *United States v. Gullo*, 672 F. Supp. 99, 104 (W.D.N.Y. 1987) (privilege afforded

to mediation under New York Community Dispute Resolution Centers Program should be

recognized in federal court under Fed. R. Evid. 501).  Without the assurance of confidentiality,

parties to a mediation would be unable to share full and frank views, discuss motivations, make apologies and take other steps that might be incompatible with a party's litigation posture.

Congress has expressly stated a public policy that alternative dispute resolution proceedings, including mediation, must be confidential. One of those laws expressly governs the mediation conducted by the EEOC.[3] The Administrative Dispute Resolution Act, 5 U.S.C. §§ 571, *et. seq*. governs the alternative dispute resolution activities of federal agencies, including the EEOC. In Section 574(b), Congress has explicitly prohibited a party to any dispute resolution proceeding from voluntarily disclosing, or from being required to disclose, *any* communication occurring during a dispute resolution proceeding absent consent of all parties and narrow exceptional circumstances that do not apply here. In addition, Section 574(c) creates an express exclusionary rule that "any dispute resolution communication that is disclosed in violation of subsection (a) or (b) shall not be admissible in any proceeding relating to the issues in controversy with respect to which the communication was made."

The issues discussed at mediation are not immune from subsequent discovery. *See, e.g.,* 5 U.S.C. § 574(f). If a party makes a statement of "fact" or opinion, it is permissible to ask that party during discovery whether or not that fact or opinion is true. But having done so, the discovering party cannot try to impeach that party with prior inconsistent statements at deposition. Indeed, it is improper to directly ask about what occurred at a confidential mediation. The exclusionary rule under 5 U.S.C. § 574(c) operates like a privilege, so that

---

[3] The promotion of mediation and other forms of ADR, and the public policy requiring such proceedings to be confidential, is identified in other federal laws. *See, e.g.,* 28 U.S.C. § 652(d), which requires litigants in federal court to consider the use of an alternative dispute resolution, provides for the confidentiality of the alternative dispute resolution processes and prohibits the disclosure of dispute resolution communications. This statute governs all forms of court-ordered mediation in federal court, as well as voluntary mediation of cases in federal court, regardless of the nature of the underlying claim.

7

statements made at mediation cannot be used for any purpose, whether for liability, impeachment

or to show bias.[4]

While this statute and the parties' agreement controls this case, further support for

excluding all statements made in mediation can be found in the federal mediation privilege

recognized under Federal Rule of Evidence 501.  In enacting Rule 501, Congress intended that

the law of privilege not be frozen, and provided federal courts with the flexibility to develop

rules of privilege related to federal claims based upon interpretation of "common law

principles…in light of reason and experience."  *Jaffee v. Redmond*, 518 U.S. 1, 8, 116 S. Ct.

1923 (1996); *Trammel v. United States*, 445 U.S. 40, 47, 100 S. Ct. 906 (1980).   In *Folb v.*

*Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164 (C.D. 1998), the Court

applied the *Jaffee* factors and recognized a federal mediation privilege.  *Id.*  The extensive

analysis and reasoning of that decision has been followed.  *See Chester Cnty. Hosp. v.*

*Independence Blue Cross*, No. 02-2746, 2003 U.S. Dist. LEXIS 25214 (E.D. Pa., November 7,

2003) (attached hereto as Ex. 2); *Sheldone v. Pennsylvania Turnpike Comm'n*, 104 F. Supp. 2d

511, 517 (W.D. Pa. 2000); *In the Matter of RDM Sports Group, Inc.*, 277 B.R. 415, 430 (Bkr.Ct.

N.D. Ga. 2002).

During his own deposition Plaintiff violated 5 U.S.C. §574(b) and (c) by disclosing

privileged communications made by Mr. Laudermilk during an EEOC mediation.  His counsel

then violated that federal law during the depositions of Mr. Laudermilk and other defense

witnesses.  Plaintiff's counsel questioned Mr. Laudermilk extensively in deposition about the

statement that Mr. Laudermilk allegedly made during mediation.  When he did not like the

---

[4]  In this sense the statutory privilege for federal agency mediations, and the common law
mediation under Fed. R. Evid. 501, is broader that the exclusion under Fed. R. Evid. 408, and
more analogous to the attorney-client privilege.

responses he received, he asked many other questions regarding the alleged discrepancy between

the original statement at mediation and the statement at deposition.  (*See* Laudermilk Dep. at 16-

19; 55-58.)  This entire line of questioning was improper and a violation of the parties' mediation

agreements and federal law.  These statements, and the related discussion flowing from those

statements and deposition testimony concerning them (e.g. Horn Dep. at 8 (lines 3-7), 10 (lines

15-25), 11 (lines 21-25), 12 (lines 1-2), 63 (lines 23-25), 64 (lines 1-25), 65 (lines 1-25), 66

(lines 1-4, 13-23), 69 (lines 19-25), 70 (line 1) and DeChantel Dep. (attached hereto as Ex. 1(G)

at 31 (lines 14-19, 23-25), 32 (lines 1-15)) are inadmissible in evidence under 5 U.S.C. § 574(c)

and the federal mediation privilege and should be excluded.  Nor should Plaintiff be allowed to

do indirectly what he cannot do directly (e.g. to try to impeach Mr. Horn with statements drawn

from Mr. Laudermilk's deposition that were the direct result of questions concerning his prior

mediation statement).

> **II.**     **Mr. Laudermilk's Alleged Statement Is Inadmissible Under Rule 408 of the
> Federal Rules of Evidence**.

Rule 408 of the Federal Rules of Evidence provides an independent legal basis, apart

from the parties' agreements, for excluding this statement and related statements during Mr.

Laudermilk's deposition.  Rule 408 prohibits Plaintiff from using statements made in

compromise negotiations to establish liability.  The rule promotes public policy favoring the

compromise and settlement of disputes.  *Fed. R. Evid. 408,* Advisory Committees Notes; *see also*

*Hasbrouck v. Bankamerica Housing Services*, 187 F.R.D. 453 at 458-459 (N.D.N.Y. 1999)

("[s]ettlement of civil disputes is in the public interest because it avoids the significant cost of

trial"); *SEC v. Thrasher*, No. 92 Civ. 6987, 1995 U.S. Dist. LEXIS 13431 (S.D.N.Y. September

15, 1995) (attached hereto as Ex. 3).  In *Thrasher,* the court denied defendant's motion to

produce correspondence concerning settlement.  *Id.*  In denying the motion, the court stated:

"[s]ettlement discussions are typically treated as confidential, since their disclosure may impact on the parties' interest, either in business affairs or in ongoing litigation.  The threat of disclosure would be a serious crimp in such discussion, since candor would likely give way to extreme caution in making disclosures that are often vital to the success of such negotiations." *Id.* at *1-2.  It is a longstanding principle that the public policies behind Rule 408 of the Federal Rules of Evidence would be undermined if parties were allowed to use statements made during settlement negotiations against other parties to establish liability.  The EEOC mediation was clearly for the purpose of trying to resolve the Charge of discrimination.

All discussions held during that mediation between the parties were for the purposes of compromise negotiations and are protected under Rule 408.  The discussions included not only explanation of the parties' actions, but included a proposal by Plaintiff to waive his age discrimination claims against Dunkin' if he were permitted to become a franchisee.   (Deluca Dep. at 195-196.)  Accordingly, Plaintiff should be precluded from relying on evidence relating to statements about Plaintiff's request for a franchise.  *See Penny v. Winthroop-University Hosp.*, 883 F. Supp. 839, 846 (E.D.N.Y. 1995) ("[i]n a discrimination case where the employee has already been terminated and has threatened legal actions, offers of settlement of the dispute on the condition of waiver and release of the claim are inadmissible as evidence of discrimination under [Rule 408].")

### III.    Mr. Laudermilk's Alleged Statement is Irrelevant and Inadmissible under Rule 402 of the Federal Rules of Evidence.

Equally important in barring the admissibility of evidence relating to Mr. Laudermilk's alleged statement is its irrelevance.  As a matter of law, the evidence is irrelevant because Mr. Laudermilk did not make the decision to reject Plaintiff's informal request for a franchise.  The undisputed evidence is that Mr. Horn made that decision as both General Counsel and as a

10

member of the Enterprise Leadership Team, and that Mr. Laudermilk had no role or input in the

decision.  As such, his errant off the cuff comment during an EEOC mediation has no relevance.

Numerous cases have held that statements by non-decisionmakers cannot be used to

support a discrimination claim.  No matter what a non-decisionmaker says about his opinion for

the reason for some alleged adverse action, or his own bias, those opinions are not attributable to

the corporation if the individual was not part of the decision-making process.  *See, e.g., McLee v.*

*Chrysler Corp.*, 109 F.3d 130 (2d Cir. 1997) (holding that the biased statements of a supervisor

who was not consulted about a termination decision "provide no basis for imputing to [the

decisionmaker] an invidious motivation for the discharge"); *Campbell v. Alliance Nat'l Inc.,* 107

F. Supp. 2d 234, 247 (S.D.N.Y., 2000) (holding that stray remark by non-decisionmaker

insufficient to defeat motion for summary judgment); *O'Sullivan v. N.Y. Times,* 37 F. Supp. 2d

307, 321 (S.D.N.Y. 1999)  (finding that discriminatory comments made by individuals

uninvolved in the decision-making process do not support discrimination claim); *Corcoran v.*

*GAB Business Services, Inc.*, 723 F. Supp. 966, 968-69 (S.D.N.Y. 1989) (finding comments by

non-decisionmakers insufficient to establish an inference of age discrimination); *Mantione v. Ted*

*Bates Advertising/New* York, No. 84 CIV 2000, 1985 U.S. Dist. LEXIS 16126 at *22 (S.D.N.Y.

September 10, 1985) (finding errant comment by non-decision-maker "irrelevant" to age

discrimination claim) (attached hereto as Ex. 4).

**IV.  Mr. Laudermilk's Alleged Statement Should be Excluded Pursuant to Rule 403 of the Federal Rules of Evidence Because any Probative Value is Substantially Outweighed by the Risk of Undue Prejudice.**

Assuming, *arguendo* that any of Mr. Laudermilk's statements at mediation or deposition

regarding Plaintiff's request for a franchise are admissible, they should still be excluded pursuant

to Rule 403 of the Federal Rules of Evidence.  Under Rule 403 of the Federal Rules of Evidence,

11

"although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

First, as noted above, evidence relating to Mr. Laudermilk's statements has no probative value on the motives of Mr. Horn. Mr. Horn, not Mr. Laudermilk, made the decision to reject Plaintiff's informal request for a franchise. Mr. Laudermilk did not state that he had knowledge of Mr. Horn's state of mind or that Mr. Horn had communicated to him the reason for his decision. Nor was the mediation a 30(b)(6) deposition where Mr. Laudermilk was speaking as a designee. Second, Plaintiff does not even recall the exact statement. Third, at mediations or during settlement discussions, parties may have various motives for making statements and may make statements as part of a negotiation strategy, and such statements are not necessarily probative of anything.

In contrast to the lack of the potential probative value of the evidence, there is a high risk of undue prejudice to Dunkin' should the evidence be admitted. It is likely that the jury will interpret the statement as a statement of corporate "policy" or "practice" and as an admission of what motivated the decision-maker, even though Mr. Laudermilk was not the decision-maker. It is also likely that the jury will not understand that the statement may have been purely for settlement posturing. *See Penny*, 883 F. Supp. at 846.

## CONCLUSION

For the reasons stated herein, Dunkin' respectfully requests that the Court grant Dunkin's proposed Order granting this Motion in Limine precluding Plaintiff from (1) introducing on Summary Judgment or at trial the statements made by Mr. Laudermilk at the mediation, or any of

Mr. Laudermilk's testimony relating to that statement, or arising from that statement, and (2)

precluding Plaintiff from using that statement and the related testimony for any purpose,

including cross-examination of witnesses or for impeachment.

> Respectfully Submitted,
>
> /s/ Peter V. Taylor
> Robert L. Duston (RD 9822)
> Peter V. Taylor (PT 0810)
> Amanda K. Grace (AG 7835)
> SCHMELTZER, APTAKER & SHEPARD, PC
> 2600 Virginia Avenue, N.W., Suite 1000
> Washington, D.C. 20037
> Tel (202) 333-8800
> Fax (202) 625-3311
>
> Attorneys for Defendant ADQSR

Dated: May 25, 2005

BG9125