# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 03-CV-5142 (JFB)(AKT)

WARREN DELUCA,

Plaintiff,

VERSUS

ALLIED DOMECQ QUICK SERVICE RESTAURANTS,

Defendant.

Memorandum and Order
September 22, 2006

JOSEPH F. BIANCO, District Judge:

The Court has received the Report and Recommendation, dated February 24, 2006, of the Honorable James Orenstein, United States Magistrate Judge, recommending that this Court grant defendant's motion *in limine* to preclude plaintiff from making use of certain evidence at trial.[1] Both parties timely filed objections. Upon *de novo* review of the thorough and well-reasoned Report and Recommendation, the parties' objections thereto, and the parties' submissions, the Court adopts the recommendation of Magistrate Judge Orenstein, but writes to address a significant procedural fact that was not brought to the Magistrate Judge's attention by either party – namely, that at the time of the mediation, plaintiff had not alleged retaliation based on defendant's denial of plaintiff's franchise application. Although it does not change the ultimate opinion of this Court, it does change part of the analysis.

Specifically, the Court holds that the confidentiality provisions of the Alternative Dispute Resolution Act (the "ADRA"), and the Federal Rules of Evidence do not preclude the admission of the statement made by defendant's associate general counsel during the course of the mediation. The confidentiality agreement signed by the parties, however, is broader than the protections afforded by the ADRA and Fed.

---

[1] The Report and Recommendation also recommended that plaintiff be precluded from making use of the evidence in opposing defendant's summary judgment motion. The Court decided defendant's motion for summary judgment without considering this evidence. *See DeLuca v. Allied Domecq Quick Service Restaurants*, No. 03-CV-5142 (JFB), 2006 WL 1662611, at *12 n.11 (E.D.N.Y. June 13, 2006). Thus, that portion of Magistrate Judge Orenstein's recommendation is moot.

R. Evid. 408, and thus the Court, as Judge Orenstein recommended, finds that the evidence should be excluded.

I. DISCUSSION

The factual background of this case is described in detail in both the Magistrate Judge's Report and Recommendation, as well as this Court's prior Memorandum and Order. *See Deluca*, 2006 WL 1662611, at *1-*6. Familiarity with these facts is assumed.

As the Report and Recommendation notes, Deluca filed an EEOC complaint on or about November 2, 2002. In that complaint, Deluca alleged that defendant unlawfully discriminated and retaliated against him because of his age by reassigning him and terminating him. (*See* Deluca Aff. ¶¶ 7-15, attached as Ex. A to Grace Decl., Docket # 58-3.) Thereafter, plaintiff applied to defendant to be a franchisee. That application was denied at some point in February 2003. (*See* Tr.[2] at 39.)

Then, on March 24, 2003, the parties attended a voluntary EEOC mediation session. At this mediation, plaintiff's counsel made an "offer" to defendant by saying "can't we all just settle this by giving Deluca a franchise?" (*See* Tr. at 40.) The response by an associate general counsel of defendants, Jack Laudermilk, was that "we're not in the process of giving out franchises to people that are suing us or made complaints." (Deluca Dep. at 177.)

On October 9, 2003, a Complaint in this action was filed. In the Complaint, plaintiff alleges discrimination and retaliation, as he had in his EEOC complaint. The Complaint, however, added a charge of retaliation in connection with defendant's denial of plaintiff's franchise application. That retaliation claim is the sole remaining claim in this case. *See Deluca*, 2006 WL 1662611, at *13.

Defendant argued in support of its motion *in limine* that Fed. R. Civ. P. 408 and the ADRA protect communications such as the one at issue here. (*See* Report and Recommendation at 5-9.) The Court disagrees. Significantly, although the ADRA and Rule 408 certainly protect "statements made in compromise negotiations," it is well-settled that "Rule 408 is inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions." *Scott v. Goodman*, 961 F. Supp. 424, 437 (E.D.N.Y. 1997); *see also Carney v. American Univ.*, 151 F.3d 1090, 1095 (D.C. Cir. 1998) (holding that correspondence that was part of settlement negotiations "can be used to establish an independent violation (here, retaliation) unrelated to the underlying claim which was the subject of the correspondence (race discrimination)"); *Uforma/Shelby Business Forms, Inc. v. NLRB*, 111 F.3d 1284, 1294 (6th Cir. 1997) (holding that threats of retaliation that occurred during settlement negotiations admissible when "the evidence serves to prove liability either for making, or later acting upon, the threats"); *Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (same); *Sunstar, Inc. v Alberto-Culver Co.*, No. 01 C 0736, 2004 WL 1899927, at * (N.D. Ill. Aug. 23, 2004) (holding that Rule 408 "does not appear to cover compromises and compromise offers that do not involve the dispute that is the subject of the suit") (quoting *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1363 (10th Cir. 1987)); *Carr v. Health Ins. Plan of Greater N.Y., Inc.*, No. 99 Civ. 3706 (NRB), 2001 WL 563722, at *4 (S.D.N.Y. May 24,

---

[2] References to "Tr." are to the May 25, 2006, transcript of oral argument before this Court.

2

2001) (holding that statements from settlement negotiations admissible "because they are being introduced not to prove liability for claims being settled, but for an entirely separate claim of retaliation").

When the statement was made by Laudermilk, plaintiff had alleged discrimination based on his age, and retaliation based on defendant's pre-termination conduct. There was no retaliation claim by plaintiff based on defendant's denial of plaintiff's franchise application. Hence, the statement is not protected, either by Rule 408 or the ADRA. *See Carney*, 151 F.3d at 1095; *see also Pace v. Paris Maintenance Co.*, 7 Fed. Appx. 94 (2d Cir. 2001) (holding that plaintiff's attempt to introduce a statement from a settlement negotiation offered to support an independent claim of retaliation "might have some force" except for the absence of discriminatory motive). This line of cases correctly carves out an exception to the protection afforded to parties engaged in compromise negotiations. The ADRA and Rule 408 are designed to encourage parties to settle their claims, they are not a "blanket rule of inadmissibility for any and all statements in the settlement context." *Carr*, 2001 WL 563722, at *4. Thus, the Court finds that neither Rule 408 or the ADRA require that this statement be excluded.

The parties, however, chose to sign a separate confidentiality agreement. This agreement, as Magistrate Judge Orenstein held, "plainly states that 'all matters discussed during the mediation are confidential . . . and cannot be used as evidence in any subsequent . . . judicial proceeding.'" (Report and Recommendation at 5.) This agreement by the parties, by its plain language, is broader than the protections afforded under the ADRA and Rule 408. In particular, the confidentiality agreement provided that "*all matters*" are confidential, and carved out, in the next sentence, an exception to this by not extending the confidentiality "to threats of imminent physical harm or incidents of actual violence that occur during the mediation." (*See* Confidentiality Agreement, Docket Entry # 58.) Thus, the parties agreed that all matters would be kept confidential except threats of imminent physical harm or actual violence. Plaintiff provides no case law or compelling arguments in support of his contention that this Court should not hold the parties to their agreement.[3] The Report and Recommendation, however, cites several reasons and cases that support a court holding the parties to their agreement. Thus, having considered the matter *de novo*, the Court adopts Magistrate Judge Orenstein's Recommendation that the evidence at issue be excluded based upon the confidentiality agreement signed by the parties.

Further, at oral argument, and in the parties' papers, there was much discussion about the admissibility of certain deposition testimony regarding communications between Laudermilk and defendant's general counsel,

---

[3] The Court also agrees with Magistrate Judge Orenstein's reasoning in rejecting plaintiff's arguments that the agreement should be voided based on public policy or to prevent a manifest injustice. Indeed, as the depositions in this case make clear, Laudermilk did not make the decision to deny plaintiff's franchise application, his boss Steven Horn made the decision. Further, both Laudermilk and Horn provided an explanation as to why (1) Laudermilk made the statement, and (2) plaintiff's franchise application was denied. Although a jury will determine whether to accept defendant's reasons, the Court is not of the opinion that excluding this statement by Laudermilk will cause a manifest injustice or be against the various public policies at issue. Thus, there is no basis for voiding the explicit agreement of the parties.

3

Steven Horn. As defendant's papers explain, it does not object to most of the testimony plaintiff seeks to admit or elicit. Laudermilk's and Horn's testimony, however, that relates to, or directly discusses, the statement made by Laudermilk is protected pursuant to the parties' confidentiality agreement for the same reasons the statement itself is protected. Thus, that portion of the Recommendation of Magistrate Judge Orenstein as it relates to the exclusion of deposition testimony about Laudermilk's statement at the mediation is also adopted as the opinion of this Court.

## II. CONCLUSION

For the foregoing reasons, defendant's motion *in limine* is GRANTED.[4]

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: September 22, 2006
Central Islip, NY

* * *

Plaintiff is represented by Saul D. Zabell, Esq., Zabell & Associates, P.C., 700 Lakeland Avenue, Bohemia, New York 11716. Defendant is represented by Robert L. Zisk, Esq., and Tristan B.L. Siegel, Gray, Plant, Mooty, Mooty & Bennett, P.A., The Watergate, 2600 Virginia Avenue, N.W., Suite 1111, Washington, D.C. 20037, and Robert L. Duston, Esq., Schmeltzer, Aptaker & Shepard, P.C., The Watergate, 2600 Virginia Avenue, N.W., Suite 1000, Washington, D.C. 20037.

---

[4] Pending before the Court are several additional motions *in limine* addressing the scope and limit of background testimony, exclusion of disparate treatment testimony, exclusion of testimony concerning alleged lost profits, and whether plaintiff can recover for emotional distress. The Court will discuss these motions at the final pre-trial conference scheduled for September 27, 2006.